*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 25-BG-0249

IN RE MELANIE MURRAY JOHNSON,[1] RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 986367)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN No. 23-BD-002; DDN No. 2019-D101)

(Decided June 26, 2025)

Before: BECKWITH and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Melanie Murray Johnson be publicly censured and complete six hours of continuing legal education (CLE) based on its finding that she violated Maryland Rules of Professional Conduct 19-301.2(a), 19-301.3, and 19-301.4(a) & (b). Neither

---

[1] Respondent recently changed her name from Melanie M. Mfume due to marriage. We amend the caption of the case to reflect the name by which respondent is presently registered with the D.C. Bar.

Respondent nor Disciplinary Counsel have filed an exception to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When, as here, there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and we agree that the Board's recommended sanction is reasonable and appropriate for the violations presented here,[2] we accept the recommendation that Respondent be publicly censured and required to complete six hours of CLE. Accordingly, it is

ORDERED that respondent Melanie Murray Johnson is hereby publicly censured. It is

---

[2] *See In re Shepherd*, 870 A.2d 67 (D.C. 2005) (per curiam) (imposing public censure and CLE requirement for failing to keep client informed, act with promptness, and other violations after respondent failed to appear at initial conference hearing causing the case to be dismissed and failed to promptly advise his clients of the status of the case); *see also In re Avery*, 926 A.2d 719, 720–21 (D.C. 2007) (per curiam) (imposing public censure and CLE requirement for violating rules concerning diligent representation, promptness, keeping client informed, fee requirements, and termination of representation).

3

FURTHER ORDERED that, within one year from the date of this order, Johnson shall certify to the Board her completion of six hours of continuing legal education.[3]

*So ordered.*

---

[3] The Board's recommendation did not specify a subject matter or other conditions concerning the CLE requirement and we decline to do so *sua sponte*.